IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-202-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERNEST WADE ARTIS, | ) | |
| | ) | |
| Defendant. | ) | |

On June 13, 2012, a federal grand jury indicted Ernest Wade Artis ("Artis" or "defendant") and charged him with (1) one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); (3) three counts of concealment of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i); and (4) three counts of laundering more than $10,000 and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1957 [D.E. 1]. On September 18, 2012, Artis filed a motion for immediate production of exculpatory and impeachment evidence [D.E. 38], a motion for notice of Rule 404(b) evidence [D.E. 39], and a motion to sequester witnesses [D.E. 40]. On October 2, 2012, the government responded to Artis's motions [D.E. 42]. The court addresses Artis's motions seriatim.

I.

Artis moves for the immediate production of exculpatory and impeachment evidence. See Mot. Produc. [D.E. 38] 1. Under Brady and Giglio, the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985); see United States v. Jeffers, 570 F.3d 557, 573

(4th Cir. 2009). The government asserts that it is not aware of any Brady materials that have not already been disclosed. See Gov't Resp. [D.E. 42] 1. Moreover, the government asserts that it is aware of its obligations under Brady and Giglio and will disclose all exculpatory and impeachment evidence in a timely manner. See id. The court credits the government's assertion that it will disclose all exculpatory and impeachment evidence "in time for its effective use at trial." Smith Grading, 760 F.2d at 532. Accordingly, the court denies Artis's request that the court direct the government to immediately produce Brady and Giglio material.

Next, Artis asks the court to order the government to provide notice of Rule 404(b) evidence. See Mot. Notice [D.E. 39] 1. Under Rule 404(b), the government need only "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." United States v. Swain, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished) (quotation omitted) (alterations in original); see Fed. R. Evid. 404(b)(2). The government asserts that it will provide notice of Rule 404(b) evidence one week before trial. See Gov't Resp. 2. Notice one week before trial is reasonable. See, e.g., United States v. Graham, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006); accord Swain, 2008 WL 717720, at *1. Thus, the court denies Artis's motion as moot.

Finally, Artis asks the court to order the government to sequester the government's witnesses, with the exception of the government's case agent. Mot. Sequester [D.E. 40] 1–2. The government agrees to sequester its witnesses with the exception of its case agent. See Gov't Resp. 2. Rule 615 of the Federal Rules of Evidence "requires the trial court, at the request of a party, to sequester a witness, expressly providing an exception for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.'" United States v. Farnham, 791 F.2d 331, 334 (4th Cir. 1986) (quoting Fed. R. Evid. 615); see United States v. Rhynes, 218 F.3d 310,

316–17 (4th Cir. 2000) (en banc). Accordingly, the government's designated case agent is permitted to remain in the courtroom, even if the case agent is expected to testify. See, e.g., United States v. Kosko, 870 F.2d 162, 164 (4th Cir. 1989); Farnham, 791 F.2d at 334; United States v. Parodi, 703 F.2d 768, 773 (4th Cir. 1983) (collecting cases). Thus, the court grants Artis's request to exclude all witnesses except the government's designated case agent. See Fed. R. Evid. 615. Likewise, the sequestration rule also applies to Artis's witnesses (other than Artis). See id.

II.

In sum, the court DENIES Artis's motion for immediate production of exculpatory and impeachment evidence [D.E. 38] and motion for notice of Rule 404(b) evidence [D.E. 39]. The court GRANTS Artis's motion to sequester [D.E. 40] and ORDERS the government to designate its representative case agent at the beginning of the trial. The sequestration rule also applies to Artis's witnesses. The court also ORDERS the government to provide 404(b) notice not less than one week before trial.

SO ORDERED. This _13_ day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

3